

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06603

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

September 6, 2024

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Central District of California
United States Courthouse
350 West 1st Street
Los Angeles, CA 90012

    Re:    *Los Angeles Waterkeeper v. INEOS Composites US, LLC* (C.D. Cal.), Case No. 2:23-cv-09642

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

    On August 13, 2024, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1]  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree requires, *inter alia*, that INEOS Composites US, LLC submit a payment to a non-party organization to be used to fund environmentally beneficial project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in the Los Angeles River and/or waters tributary to the San Pedro Bay. Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent. In a letter attached as Exhibit A, the intended recipient of the funds, the Rose Foundation, confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes these representations in Exhibit A will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if

the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications.  *See* 33 U.S.C. §1365(c)(3).

  We appreciate the attention of the Court.  Please contact the undersigned at 202-598-3315 if you have any questions.

            Sincerely,

            */s/ Arwyn Carroll*
            _____
            Arwyn Carroll, Attorney
            U.S. Department of Justice
            Environment and Natural Resources Division
            Law and Policy Section
            P.O. Box 7415
            Washington, D.C.  20044-4390

cc:  Counsel of Record via ECF

# EXHIBIT A



**201 4TH STREET, SUITE 102**
**OAKLAND, CALIFORNIA 94607**
**TELEPHONE 510.658.0702**

August 16, 2024

Bryn Bowen, Paralegal Specialist
United States Department of Justice
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Los Angeles Waterkeeper v. INEOS Composites US, LCC (Case #2:23-09642-DMG-BFM)

Dear Ms. Bowen,

This letter is intended to provide assurance that I have received the Consent Decree between the above parties, and that I am authorized by my Executive Director and Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from INEOS Composites as specified in the Consent Decree.
2) The Rose Foundation shall only use these INEOS Composites funds for environmentally beneficial project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in the Los Angeles River and/or waters tributary to the San Pedro Bay.
3) After funds are dispersed, the Rose Foundation shall send a report to the Justice Department and the Settling Parties setting forth the recipient and purpose of the funds and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID            ). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Foundation does not support political lobbying activities prohibited by Section 501(c)(3) of the IRS Code.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all the Rose Foundation's work revolves around one or more of the following strategic themes:



- Build and maintain a bridge between the community and organized philanthropy.

- Protect the natural environment, public health, and consumer rights.

- Promote collaboration between labor, environmental, business, consumer and social interests.

- Cultivate a new generation of environmental stewards and social policy leaders.

- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors.  Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then make recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Maze and Associates are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require.  Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or jisaacs@rosefdn.org.

Sincerely,

*Jodene Isaacs* (signature)

Jodene Isaacs
Director of Grantmaking